## MERCANTILE TRUST COMPANY *v.* WILMOT ROAD DISTRICT.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 69.   Argued October 26, 1927.—Decided November 21, 1927.

1. A covenant in bonds secured by deed of trust that, in case of default, there shall be paid to the mortgage trustee, out of the proceeds of the mortgaged subject matter, and before the payment of the interest and principal of the bonds, a reasonable compensation to the trustee and to counsel it may find necessary to employ, means that such payments shall be in addition to payment of the bondholders.   P. 118.

2. A statute creating a special improvement district, ordering an assessment of benefits and the laying of a tax to pay the cost of the improvement not exceeding the benefits assessed, and authorizing a board, in order to do the work, to borrow money on negotiable bonds and to mortgage the assessments for their repayment, impliedly authorized the payment of reasonable fees to the mortgage trustee and its attorney, in case of foreclosure, out of the fund created by the assessments.   So *held* where the fund sufficed to pay these costs and the bonds also.   P. 119.

12 (F. (2d) 718, reversed.

CERTIORARI 273 U. S. 676, to a decree of the Circuit Court of Appeals affirming the District Court in its refusal to allow payments for the services of a mortgage trustee and its counsel, in a suit to foreclose a deed of trust mortgage.   The mortgage, pursuant to a statute of Arkansas, covered the assessments on lands to be benefited by a highway to be built with the proceeds of the bonds.

*Mr. George B. Rose,* with whom *Messrs. S. A. Mitchell, D. H. Cantrell, J. F. Loughborough, A. W. Dobyns,* and *A. F. House* were on the briefs, for petitioner.

*Mr. Robert E. Wiley* for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court,

This is a petition by the Mercantile Trust Company to be allowed $2,500 for its services in a foreclosure suit as trustee of the mortgage foreclosed and $7,500 paid to its counsel in the cause. The District Court found that the charges were reasonable, but disallowed them on the ground that they were not provided for in the statute creating the Wilmot Road District that made the mortgage. The decree was affirmed by the Circuit Court of Appeals. 12 F. (2d) 718. A writ of certiorari was granted by this Court. 273 U. S. 676.

The petitioner's reasoning convinces us that the charges should be allowed as costs against the defendant. In the bonds secured the District expressly covenants that in case of default there shall be paid to the trustee out of the proceeds of the assessments pledged, 'and before the payment of the interest and principal of said bonds, a reasonable compensation to the Trustee and to such counsel as the Trustee may find it necessary to employ.' This plainly means a payment out of the assessments over and above the payment to the bondholders, if the words are to receive a natural interpretation and are not required by the statute to be read in a different sense.

The Act creating the Road District, approved January 30, 1920, after indicating the highway to be laid out, orders an assessment of benefits, § 6, and the laying of a tax to pay the costs, not exceeding the value of the benefits assessed, §§ 8–10, the collector receiving a commission, § 9, and empowers the board of commissioners of the District 'to make all such contracts in the prosecution of the work as may best subserve the public interest,' § 12. Then by § 13, 'in order to do the work,' the board is authorized to borrow money, to issue negotiable bonds for the sum, and to 'pledge and mortgage all assessments for the repay-

ment thereof.' As said by the petitioner, a trustee obviously is necessary for a mortgage to secure bonds that are expected to go into many hands, and if a foreclosure is required a lawyer must be employed. The statute must be taken to contemplate and authorize these usual incidents of the mortgage that it invites. It cannot have expected the services to be gratuitous, and there is no reason why the cost should not be borne by those who made them requisite. It is said that the assessment is a public fund not to be applied except as its creation provides. A pretty ignoble immunity has been secured at times on that argument, but it should not be allowed to work more injustice than is inevitable. As we have said, the implications of the statute are as the petitioner contends, and the general rule of equity is stated with such force in *Dodge* v. *Tulleys,* 144 U. S. 451, as to suggest a doubt whether a State could deprive the Courts of the United States of their power to impose these costs. We find nothing in the decisions of the Supreme Court of Arkansas that leads us to believe that that Court would read the statute as attempting to prevent the costs being allowed. See *Arkansas Foundry Co.* v. *Stanley,* 150 Ark. 127, 136.

It is to be observed that the fund got by the assessment was not exhausted by the payment of the bonds, so that no question arises on that score. Nor does it seem to us that the District can get immunity from the words of § 20 forbidding the board to use any money arising from the sale of the bonds for any purpose other than therein specified and expressly directed. For without stopping to quibble over the fact that the money in question comes from the assessment rather than from the sale of the bonds, except to note that the section has a different aim, it is enough that, if we are right, the proposed use of the money is expressly authorized, as a necessary incident of the mortgage provided for in § 13. In other places the

statute contemplates payment for necessary services; we cannot believe that it does not contemplate a similar payment here.

*Decree reversed.*